**FLOOD v. FLOOD.**

**No. 32484.**

Circuit Court, Palm Beach County.

May 23, 1958.

</div>

28

Sims & Wood, West Palm Beach, for plaintiff.

James Nemec, West Palm Beach, for defendant.

CULVER SMITH, Circuit Judge.

This cause came on for hearing upon plaintiff's petition to modify the final decree, and for reduction of alimony and support payments, filed August 6, 1957, and defendant's amended answer, filed November 8, 1957.

Plaintiff alleges that his circumstances have changed, in that he suffered a major operation causing him to be discharged from the service on disability. His disability pay is now less than his former compensation. He further alleges that the defendant's circumstances have improved by reason of increased wages, and that she is well able to support herself.

The defendant denies the essential allegations of plaintiff's petition, alleges that plaintiff is able to be gainfully employed, and that he has remarried.

The agreement between the parties upon which the final decree was based provides that plaintiff pay to defendant the sum of $175 per month, one-half of which was allocated to the defendant, and one-quarter to each child. The agreement further provides that the expense of any hospitalization of the oldest child, who suffers from infantile paralysis, when not secured from Army hospitals, should be borne by the plaintiff. The same provision applies in case of any dire emergency, major operation or other illness on the part of either of the children.

The evidence shows that the plaintiff's income has been reduced. Although he has remarried, this fact cannot be taken into consideration, since his obligations under the final decree must take precedence over any obligation to his present wife. The plaintiff has

suffered a substantial physical disability, but the court is not entirely satisfied that he cannot perform some gainful employment—very modest earnings would bring his income up to its former level.

The defendant occupies a good position, earning $93.17 per week. This, together with the payments from plaintiff, gives her and each son more than remains for plaintiff. The division in the agreement, as previously stated, allocates one-half of the payment to alimony. Under ordinary circumstances, the plaintiff would be entitled to a reduction of the alimony, although not of the child support.

While it is true the defendant is earning more money than the plaintiff is receiving, a careful consideration of the facts leads to the conclusion that the plaintiff's petition should be denied. The defendant has been in an accident, sustaining a back injury which requires the wearing of a brace. She must drive 100 miles daily, to and from her place of employment—there is certainly no assurance under these circumstances that her present earning capacity will continue.

A close consideration of her uncontradicted testimony prompts the conclusion that she has been a devoted mother, and that she works long and diligently for the welfare of her children. It is true she is purchasing a home, but there is no showing that the expense is more than would be required for rent. One of her sons is crippled, and she is determined that there shall always be a place for him to call home, because when he reaches the age of 21 the father's legal responsibility will cease.

The accounting she has filed in the opinion of the court, shows good management. Certainly, it does not reveal any great expenditure for herself, unconnected with any benefit for the children. It is noted that there are many expenditures for medical care and hospitalization for the benefit of the two sons. The greater portion is for the care of the elder son who has polio. The plaintiff, under the agreement, had the responsibility for these expenses, but they have been borne by the defendant. The court finds that the defendant has used a major portion, if not all of her alimony for the benefit of the afflicted son.

Plaintiff says that the defendant has a suit pending for personal injuries, and stands to recover a large sum of money. This court, and certainly counsel for the parties, are aware of the uncertainty of personal injury suits. If the defendant should recover a substantial amount in the future, it might be proper to then reconsider the question of alimony.

Although plaintiff has suffered a physical disability, he does not have the daily heartache of driving 50 miles from work to a handicapped son who must have special care, and for whom must be found interests to substitute for the activities of normal boys.

Plaintiff is liable to defendant's attorney for the payment of a reasonable attorney's fee, which, under the circumstances, must be set at a minimum.

It is therefore ordered and decreed that plaintiff's petition to modify the final decree and for reduction of the alimony and support payments is denied; further that plaintiff pay to James Nemec, attorney for the defendant, the sum of $250 as attorney's fee for services rendered herein.